UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE LEDERER,

       Plaintiff,

v.                                                                  Case No:  2:13-cv-761-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

## OPINION AND ORDER

Plaintiff, Bruce M. Lederer, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").[1]  As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Issues on Appeal

There are two inter-related issues on appeal: (1) whether the ALJ's decision to assign little weight to the opinion of Dr. Lawrence Gustin, a state agency reviewing consultant, is supported by substantial evidence; and (2) whether the ALJ properly relied on the vocational expert's ("VE") testimony that jobs exist in significant

---

[1] For ease of reference, citations to documents filed in the present case will be identified by "*Lederer 2*" and then the appropriate document number.   Citations to Plaintiff's first appeal to this Court, *Bruce Lederer v. Commissioner of Social Security*, No. 2:11-cv-510-FtM-SPC, will be identified by "*Lederer 1*" and the appropriate document number.

numbers in the national economy that Plaintiff can perform to determine that Plaintiff is not disabled.

## II.    Procedural History and Summary of the ALJs' Decisions

On December 11, 2003, Plaintiff protectively filed an application for a period of disability and DIB alleging he became disabled and unable to work on July 2, 2001. Doc. 28 at 2.   The Social Security Administration ("SSA") denied his claim initially on September 3, 2004 and upon reconsideration on June 3, 2005.   Tr. 47, 49-52; Tr. 48, 54-56.   Plaintiff then requested and received a hearing before ALJ Dawn B. Lieb on January 31, 2008, during which he was represented by an attorney.   Tr. 57, 440-84.   Plaintiff and VE William Weikel testified at the hearing.   Tr. 444-84.

On May 16, 2008, the ALJ issued a decision finding that Plaintiff was not disabled and denying his claim.   Tr. 14-29.   Plaintiff filed a Request for Review by the Appeals Council, which was denied on July 27, 2011.   Tr. 7-9.   Plaintiff then filed an appeal to this Court on September 12, 2011.   *Lederer 1*, Doc. 1.   Ultimately, the Honorable Sheri Polster Chappell, then United States Magistrate Judge, remanded this case to the Commissioner of Social Security for the sole issue "to consider whether Plaintiff's limitations in his ability to handle and finger affect his RFC."   Tr. 517-33; *Lederer 1*, Doc. 25 at 16.   Judgment was entered in Plaintiff's favor the next day.   Tr. 534; *Lederer 1*, Doc. 26.   Defendant filed a motion to alter or amend the Court's Order, pursuant to Rule 59(e), Federal Rules of Civil Procedure, arguing that any error was harmless and requesting that the Court affirm the Commissioner's decision, which was denied.   Tr. 513-16; *Lederer 1*, Docs. 27, 28.

On remand from the district court, the Appeals Council vacated ALJ Lieb's opinion and further remanded the case to an ALJ "for further proceedings consistent with the order of the court." Tr. 539. Plaintiff received a second hearing, this time before ALJ M. Dwight Evans, on June 3, 2013, during which he again was represented by an attorney. Tr. 488-99. The only testimony offered at the hearing was given by VE Theresa Manning, in response to questions from both the ALJ and Plaintiff's attorney. Tr. 656-92. On July 25, 2013, the ALJ issued a decision, finding Plaintiff not disabled and denying his claim. Tr. 488-99. The ALJ noted:

> The district court entered an order finding the prior ALJ's decision to be inconsistent and ambiguous on the sole issue of whether the claimant had frequent fingering limitations and whether said limitations would affect his ability to work at any level. The Appeals Council subsequently remanded the case back to the [ALJ] with no additional instruction but to conduct further proceedings consistent with the order of the district court.

Tr. 488. Within this framework, ALJ Evans proceeded through the required steps.

The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2006, the date of last insured. Tr. 490. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 2, 2001, the alleged onset date, through the date of last insured. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: insulin dependent diabetes mellitus since 1982; history of pancreatitis; COPD; Barrett's Esophagus Syndrome; cervical spondylosis secondary to C5-C6 stenosis; bilateral shoulder adhesive capsulitis; depression; and anxiety. *Id.* At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 492. In doing so, he explicitly considered whether the medical evidence satisfied the criteria of Listings 1.00 (Musculoskeletal System), 1.02 (major dysfunction of joints due to any cause), 1.04 (disorders of the spine), 3.00 *et seq.* (respiratory system), 12.04 (affective disorders) and 12.06 (anxiety related disorders), and concluded that it did not. Tr. 492-94; 20 C.F.R. pt. 404, subpt. P, app. 1.

Taking into account the effects from all of Plaintiff's impairments, the ALJ then determined that Plaintiff had the RFC to perform a limited range of light work. Tr. 494. Consistent with ALJ Lieb's RFC determination, ALJ Evans found that Plaintiff was able to lift and carry 20 pounds occasionally, and 10 pounds frequently, and can stand and walk for 2 hours in an 8 hour workday and sit 6 hours in an 8 hour workday, but must be able to alternate between sitting and standing. *Id.* ALJ Evans also limited Plaintiff to no reaching, pushing, or pulling at or above the shoulder level with his upper extremities; and only occasional climbing, balancing, stooping, kneeling, crouching, crawling and bending. *Id.* ALJ Evans found that Plaintiff must avoid moderate exposure to fumes, odors and dusts, and concentrated exposure to hazards, such as moving machinery. *Id.* He limited Plaintiff to unskilled work due to his mental impairments, but found that Plaintiff is able to remember locations and work-like procedures; understand, remember and carry out short, simple (1-2 step) instructions; perform simple repetitive tasks; and deal with standardized situations. *Id.* ALJ Evans also found that Plaintiff's medically

determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible.   Tr. 495.

ALJ Evans then found that Plaintiff could not perform his past relevant work as a corrections officer, as classified in the DOT.   Tr. 497; DOT 372.667-018.   The ALJ then considered Plaintiff's age, education, work experience and RFC, and the VE's testimony, and determined that Plaintiff could perform the requirements of such representative occupations as ticket seller (DOT 211.467-030), classified as light exertion with a SVP of 2, with 95,000 jobs in the national economy and 5,000 in the state; copy machine operator (DOT 207.685-014), classified as light exertion with a SVP of 2, with 75,000 jobs in the national economy and 6,000 in the state; and office helper (DOT 239.567-010), classified as light exertion with a SVP of 2, with 150,000 jobs in the national economy and 5,000 in the state.   Tr. 498.   Thus, because the ALJ determined that Plaintiff was capable of performing other work that exists in significant numbers in the national economy, he found that Plaintiff is not disabled and denied his claim.   Tr. 498-99.

Accordingly, the ALJ's July 25, 2013 decision is the final decision of the Commissioner.   On October 25, 2013, Plaintiff timely filed his Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3).   *Lederer 2*, Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.   *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

On appeal, Plaintiff first argues that, by determining that Plaintiff is not limited as to fine manipulation, the ALJ substituted his own opinion for uncontroverted medical opinion evidence of record, and thereby committed "significant error."   Plaintiff also contends that the ALJ erred by failing to provide a complete hypothetical to the VE upon remand, because he did not include "all of the restrictions enumerated by the [ALJ] in the prior decision (including those implicitly included considering the testimony at the hearing)," and therefore also erred by relying on the VE's response.  *Lederer 2*, Doc. 28 at 9.

### A.   *Plaintiff's ability to perform fine manipulation*

Plaintiff's first argument relates to the sole issue for which this case was remanded to the Commissioner: whether Plaintiff is limited in his ability to perform fine manipulation.  *See* Tr. 517-33; *Lederer 1*, Doc. 25.   Specifically, this Court was

concerned with the inconsistent treatment of any such limitation by the ALJ, who included in her hypothetical to the VE a limitation on Plaintiff's ability to perform fingering, and then later excluded the limitation from her RFC finding. The Court concluded that it was "unclear from the record whether the ALJ considered Plaintiff's fingering limitations to be of any degree that would affect the number of jobs Plaintiff would be able to perform in the national economy." Tr. 530-31 (emphasis added); *Lederer 1*, Doc. 25 at 14-15 (emphasis added). Consistent with its analysis, the Court remanded the case to the Commissioner "to consider whether Plaintiff's limitations in his ability to handle and finger affect his RFC." Tr. 532; *Lederer 1*, Doc. 25 at 16. In its order denying Defendant's request for reconsideration of the order remanding this case to the Commissioner, the Court reiterated that the limited nature of the remand only was to clarify the inconsistency. *See* Tr. 514-15; Lederer 1, Doc. 28 at 2-3. During Plaintiff's June 13, 2013 hearing, ALJ Evans also acknowledged that the Court remanded the case for the purpose of "synchronizing the RFC with the hypothetical." Tr. 644. The ALJ and Plaintiff's counsel discussed at length the narrow grounds upon which this case was remanded. *See* Tr. 644-54.

The scope of the ALJ's review on remand from the district court differs depending on the language of the Remand Order and subsequent Appeals Council decision. *See Spiceland v. Colvin*, No. 1:13-cv-114-MP-GRJ, 2014 WL 897003 (N.D. Fla. Mar. 6, 2014) (emphasizing the importance of the particular language of the remand order when determining the scope of the ALJ's review). Here, Judge Chappell's order directed that the case be remanded solely for one issue: to clarify the

inconsistency between the hypothetical posed by ALJ Lieb to the VE and her RFC

determination.   The Appeals Council then remanded the case to an ALJ "for further

proceedings consistent with the order of the court."   Tr. 539.

Federal regulations limit an ALJ's authority on remand only to that expressly

permitted by the Appeals Council and actions consistent therewith:

> Pursuant to §§ 20 C.F.R. 404.977(b) and 416.1477(b), an
> ALJ "shall take any action that is ordered by the Appeals
> Council…." *Id.* The Eleventh Circuit has characterized
> such remand orders as mandates, stating that the lower
> court, in this case the ALJ, "'may not alter, amend, or
> examine the mandate, or give any further relief or review,
> but must enter an order in strict compliance with the
> mandate.'"

*Bowes v. Comm'r of Soc. Sec.*, No. 6:13-cv-766-Orl-GJK, 2014 WL 3853673, *1

(M.D.Fla. Aug. 5, 2014) (quoting *Apone v. Comm'r of Soc. Sec.*, 2011 WL 3055266, *1

(11th Cir. July 25, 2011)).

At Plaintiff's 2013 hearing, ALJ Evans posed to the VE the following

hypothetical:

> Assume if you would a hypothetical individual who is 49
> years of age at the time of his alleged onset date; and
> assume further from the claimant has the residual
> functional capacity limited to – capacity to perform a
> limited range of light work; further, that the claimant can
> lift and carry 20 pounds occasionally, 10 pounds frequently;
> he can stand and walk no hours in a[n] eight-hour workday,
> and can sit for six hours in a[n] eight-hour workday,
> however, he must alternate between sitting and standing;
> he is able – he is limited to no reaching, pushing, or pulling
> at or above the shoulder level with the upper extremity; he
> is limited to only occasional climbing[,] balancing, stooping,
> kneeling, crouching, crawl[ing], and bending; he must
> avoid even moderate exposure to fumes, odors, and dust;
> and must avoid concentrated exposure to hazards, such as
> moving machinery. Due to his mental impairments, the

> claimant is limited to unskilled work, i.e., he's able to remember locations and work like procedures, understand, remember, and carry out short, simple, one-two-step instructions, perform simple, repetitive tasks, and to deal with standardized situations.

Tr. 657.

The hypothetical therefore is consistent with ALJ Evans' RFC finding, which does not include a limitation on Plaintiff's ability to finger or handle,[2] and the VE testified that although such an individual would not be able to work as a corrections officer, he could work as a ticket seller (DOT 211.467-030), copy machine operator (DOT 207.685-014) and office helper (DOT 239.567-010).   Tr. 659.   Moreover, ALJ Evans' opinion explicitly provided the clarification requested by the Court: "In specific reference to the order of the district court, the undersigned gives little weight to the opinion of Dr. Gustin, that the claimant is limited to frequent fingering . . . and finds the clamant capable of continuous fingering as the RFC has no limitation in this area."   Tr. 494.

Ultimately, RFC determinations fall within the exclusive province of the ALJ, 20 C.F.R. § 404.1527(d)(1), and, after consideration of the evidence, ALJ Evans determined that Plaintiff was not limited in his abilities for fine manipulation and therefore did not include such a limitation when determining Plaintiff's RFC.   *See also Carson v. Comm'r of Soc. Sec.*, No. 08-13217, 2008 WL 4962696, *1 (11th Cir. Nov. 21, 2008) (explaining that although statements from treating physicians are considered, it is the ALJ who determines a claimant's RFC).   While it is true that

---

[2] *Compare* Tr. 657, *with* Tr. 494.

the hypothetical question posed to a vocational expert must include all of a claimant's limitations, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ was not required to include findings in the hypothetical that he had considered and properly rejected as unsupported, as occurred here.   *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).   Because the ALJ considered and rejected as unsupported Dr. Gustin's opinion that Plaintiff was limited in his ability to handle and finger, and the hypothetical was consistent with the ALJ's RFC determination, the ALJ complied with the court's remand Order.

Furthermore, as the Commissioner notes, Dr. Gustin's opinion that Plaintiff is limited in his ability to perform fine manipulation is contradicted by other medical evidence in the record.   Doc. 29 at 7.   Records from St. Patrick Medical P.A. dated August 24, 2004 state that Plaintiff was examined by Dr. Patrick A. Ijewere, who determined that Plaintiff had full grip strength in both hands and could perform fine manipulation of normal to small items, such as a pen, paperclip, doorknob, or button. Tr. 255.   Dr. Stanley Rabinowitz examined Plaintiff on April 2, 2005, and during that visit explored Plaintiff's ability to use his extremities.   While true that Dr. Rabinowitz stated that Plaintiff's grip strength only was 70% of normal in both hands, which he rated a 4 out of 5, and Plaintiff's digital dexterity was mildly impaired, he also noted that Plaintiff was able to oppose his thumbs to his fingers with either hand, open a door, use a key and touchtone phone, zip his pants and pick up coins.   Tr. 277.

The ALJ therefore did not substitute his opinion for medical expert opinions; he merely considered the statements and appropriately explained the weight

assigned to each and the reasons for doing so.   His determination that Plaintiff is not limited in his ability to perform fine manipulations, therefore, is supported by substantial evidence.

### B.   Vocational expert testimony

Plaintiff's second argument asserts that the case again should be remanded because ALJ Evans' hypothetical did not include the particular language "at will" or a "sit/stand option."   Doc. 28 at 8.   Specifically, Plaintiff argued the failure to do so was error because during Plaintiff's 2008 hearing ALJ Lieb included a limitation that the individual "needs the opportunity to change position every 30 minutes."   Tr. 476. Upon review of the 2013 hearing transcript, ALJ Evans included in his hypothetical to the VE that the claimant "must alternate between sitting and standing," but did not specify that the alternating must occur every 30 minutes.   Tr. 657.

During the 2013 hearing, however, Plaintiff's counsel explored to what extent, if any, a requirement that an individual must be able to sit and stand at will would have on the ability to perform the representative jobs identified by the VE.   The VE conceded that if an individual needed to alternate between sitting and standing "every two to three minutes," such person would not be able to perform the representative jobs she identified, and further that she did not think such a person "can sustain employment."   Tr. 676.   When asked whether a person who needed to alternate sitting and standing every twenty minutes would be able to perform the representative jobs, however, the VE testified that such an individual still could perform the representative jobs.   Tr. 678-79.

The VE acknowledged that if the individual had to alternate between sitting and standing every twenty minutes, the cumulative time spent standing in an eight hour workday would appear to exceed Plaintiff's limitation that he can only stand for a total of two hours in an eight hour workday.   Tr. 679.   Plaintiff does not argue that the same is true, however, with respect to the thirty minute intervals he contends that the ALJ should have presented as a limitation.   Thus, Plaintiff's argument that the ALJ's failure to specify the need for alternating sitting and standing every thirty minutes requires remand misses the mark; the VE's testimony, that even if an individual were limited to alternating between sitting and standing every 20 minutes the individual could still perform the specified jobs, necessarily implies that an individual who only needed to alternate positions every thirty minutes—less often— also still could perform the representative jobs.

Moreover, this Court previously has addressed a similar argument, and found that where there was no medical evidence to support a Plaintiff's assertion that she could only stand for 15 minutes at a time, such assertion was not credible to the extent that it would erode the number of jobs that Plaintiff could perform.   *See Niesen v. Comm'r of Soc. Sec.*, No. 2:13-cv-365-FtM-29CM, 2014 WL 3384909 (M.D. Fla. July 10, 2014); *see also Apone v. Comm'r, Soc. Sec. Admin.*, 435 Fed. Appx. 864, 866 (11th Cir. 2011) (rejecting appellant's contention that the ALJ should have included in hypothetical that her mental impairment required her to take longer and more frequent breaks where such limitation was not supported by medical evidence). Here, Plaintiff's contention that he needs to alternate between sitting and standing

more often than the jobs identified by the VE would allow is not supported by the record.  Thus, the ALJ's decision that Plaintiff is not disabled, based in part on the VE's identification of jobs existing in significant numbers in the national economy that Plaintiff can perform, is supported by substantial evidence.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.   Accordingly, it is

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.    The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record